St. Louis Trust Company, Appellant, v. Frank B. York, Respondent.

**St. Louis Court of Appeals, October 31, 1899.**

1. **Contract:** WHEN TIME IS OF THE ESSENCE: CONSTRUCTION OF A WRITTEN CONTRACT. When parties to a contract, by express language to that effect, make the lapse of time of the essence of the obligation assumed, they are bound by the expressions contained in the contract.

2. ———: ———: ———. This court will not resort to a strained and unnatural construction of the terms of a written contract in order to impose on a party to the contract, liability, which neither the language of the agreement, nor the situation of the parties justifies.

Appeal from the St. Louis City Circuit Court.—*Hon. Franklin Ferris,* Judge.

AFFIRMED.

*Collins & Jamison* for appellant.

(1.) The only question in this case is whether the court below erred in instructing a finding in favor of the defendant, and this question depends upon the construction of the clause of the contract sued on in the following language: "Upon condition that work on said road is commenced within sixty days after date and the said road completed within six months thereafter." (2) The stipulation as to the time of completing the road is not a condition going to the essence of this contract, and the completion after the stipulated time does not therefore affect plaintiff's right to recover. Addison on Contracts, p. 398; Littler v. Holland, 3 T. R. 590; Maryon v. Carter, 4 C. & P. 295. (3) If time is of the essence of this contract, the trial court erred in giving the instruction complained of for the reason that under all rules for the construction of written contracts, the

word "thereafter," as used in this contract, properly applies to the phrase "sixty days after date." Bishop on Contracts, [Enlarged Ed.], 1887, pars. 380-382-384; Robinson v. Fiske, 25 Me. 401; Strong v. Gregory, 19 Ala. 146.

*E. T. & C. B. Allen* for respondent.

The judgment of the circuit court is supported by the evidence and should be affirmed. Cochran v. Thomas, 131 Mo. 258; Freeman v. Moffett, 135 Mo. 288. When a written contract is couched in doubtful or obscure language, subsequent writings or acts of the parties in regard to the same subject may be introduced in evidence to show what meaning the parties themselves put upon the language. The parties to this contract construed "thereafter" to refer to "date." U. D. Co. v. Railroad, 131 Mo. 303; Edwards v. Smith, 63 Mo. 119; Straus S. Co. v. Kingman, 42 Mo. App. 214.

BOND, J.—The plaintiff instituted suit before a justice for the first instalment of payments which defendant promised under the following contract:

"$1,500.                    St. Louis, July 12, 1895.

"In consideration of the benefits and advantages to me accruing from the construction and operation of the railroad of the St. Louis & Kirkwood Railroad Company, I do hereby promise and agree to pay to the St. Louis Trust Company the sum of fifteen hundred dollars, one third of said amount to be paid thirty days after the road is completed and in operation from St. Louis to Meramec Highlands. One third to be paid one year thereafter. The balance, one third, to be paid two years thereafter, all without interest.

"Upon condition that work on said road is commenced within sixty days after date and the said road completed within six months thereafter.

"Said subscription when paid by me to be held by said Trust Company in trust for the payment of interest on the

344 MISSOURI APPEAL REPORTS,

bonds of the St. Louis & Kirkwood Railroad Co., and for operating expenses, improvements and betterments of said St. Louis & Kirkwood Railroad Co., and not for any other purpose.                                        F. B. York,
                    "Address, 3137 Pine St."

A trial was had before the justice and an appeal from his judgment was taken to the circuit court, where upon a trial anew an instruction was given that plaintiff could not recover. From a verdict and judgment in accordance plaintiff appealed to this court.

(1)   It is conceded by appellant that the judgment of the trial court must be affirmed, unless the above contract obligated defendant to pay the sums therein specified provided the work of building the railroad named was completed within six months and sixty days, or eight months after the date of the contract.   This presents for review the bare question of the true interpretation of the above contract.   It is insisted by appellant that time was not of the essence of this contract, but if so, that it must be construed to render defendant liable if the contemplated work was performed within six months after sixty days from the date of the instrument.   Neither of these positions can be sustained.   The first is antagonistic to the legal right of parties to a contract, by express language to that effect, to make the lapse of time of the essence of the obligations assumed.   That such right exists, has been uniformly decided.   That it was exercised in the contract under review, is apparent from the terms employed therein conditioning the liability of the defendant for the sums subscribed upon the commencement and completion of the work on the railroad mentioned within the two periods limited in the contract, i. e., sixty days to commence and six months to finish the work.   We therefore hold that time was of the essence of the contract by force of the language used by the parties.

(2)   The determination of the second point made by appellant depends upon the meaning of the following clause of

the contract construed in the light of the language used in the entire agreement. The particular clause is to wit: "Upon condition that work on said road is commenced within sixty days after date and the said road completed within six months thereafter." The question presented is, to what does the term "thereafter" in the above clause refer? Naturally and grammatically it is referable to the immediate antecedent in the sentence of which it forms a part. This antecedent is bound in the expression, to wit, "that work on said road is commenced." The words between these terms and the copulative "and" which connects them with the conclusion of the sentence are employed only to qualify the terms preceding them. They were not intended to enlarge or restrict, or in anywise affect the meaning of that part of the sentence which follows and which forms a second qualification of the common antecedent expressed by the terms used in the beginning of the sentence, to wit, "that work on said road is commenced." This is the natural and literal significance of the entire sentence. If the parties had intended otherwise, or as contended by the learned counsel for appellant, that the conclusion of the sentence was intended to be modified by an intervening clause qualificative of the idea with which the sentence began, they would have used apt terms indicating that the work of building the railroad was to be completed within six months and sixty days. This was not done, nor is there anything expressed in any other part of the entire writing demanding such a construction. On the contrary by an inspection of the preceding portions of the contract it will be seen that the word "thereafter" is used three times and in each instance is expressly referable to an antecedent event (completion of the work upon which the right to future payments would accrue) uncertain as to the time of its happening. Since parties are presumed, in the absence of controlling evidence of a different purpose, to use the same words in the same sense wherever they occur in a written agreement, it certainly can not be inferred from the frequent use of the term "thereafter" in the

first part of the contract to denote the space of time following an uncertain event that it could only have been used subsequently in the particular cause under consideration as referable to a certain and fixed and anterior date. We therefore conclude that it did not refer to the date of the contract, nor to the fixed period within which the work was required to be commenced, but that it plainly qualified its immediate antecedent in the above sentence. Joy v. St. Louis, 138 U. S. loc. cit. 32.

Since the parties to this contract made time of the essence of their agreement, the natural purpose in their minds was to limit the time within which the two things, upon which the subscription was conditioned, should be done. To carry out this purpose it was therefore necessary that a fixed time should be given to begin the work, and a fixed time should be allowed to complete it after it was begun. This dominance of the idea of time in the minds of the parties resulted from their peculiar situation. One was seeking a gratuity for a *quasi* public enterprise; the other, having no private interest in the project, but considering its possible future, "benefits and advantages," was naturally desirous of fixing the time when these should be realized, hence his insistence upon the insertion in the contract of language tantamount to saying "I will give you sixty days within which to begin your improvement and I will give you six months within which to complete it after you begin it. Upon compliance on your part with these two conditions I will donate the sum requested." We are satisfied this was the purpose of the agreement, read according to its terms and considered in the light of the surrounding circumstances and the situation of the parties, and we are not willing to resort to a strained and unnatural construction in order to impose on the donor a liability which neither the language of the agreement, nor the situation of the parties justifies. Sachleben v. Wolfe, 61 Mo. App. 28.

The result is that the judgment is affirmed. All concur.